# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCES ELAINE LAWRENCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-52-F |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Frances Elaine Lawrence brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disabled widow's insurance benefits ("DWB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 13, hereinafter "R. _").[1] Having reviewed the record and the parties' submissions, the undersigned recommends that the Commissioner's decision be reversed and remanded.

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DWB on October 7, 2011, initially alleging a disability onset date of July 1, 1998. R. 119-22, 137-39. Following denial of Plaintiff's applications initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), at which time Plaintiff amended her alleged onset date to October 7, 2011. R. 28-55, 62-66, 69-71. The ALJ issued an unfavorable decision on June 27, 2013. R. 11-23. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-5; *see also* 20 C.F.R. § 404.981. This action for judicial review followed.

## ADMINISTRATIVE DECISION

In order to obtain DWB, a claimant must meet certain nondisability requirements, which the ALJ found that Plaintiff met. *See* 20 C.F.R. § 404.335(c); R. 11, 13. A claimant such as Plaintiff who is between fifty and sixty years old must also establish that she has a "disability" as that term is defined under 42 U.S.C. § 402(e) and 20 C.F.R. § 404.1505 for purposes of an award of disability benefits. *See* 20 C.F.R. § 404.335(c); *Krueger v. Astrue*, 337 F. App'x 758, 759 n.1 (10th Cir. 2009). The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 7, 2011, the alleged onset date. R. 13; *see* 20 C.F.R. § 404.1571. At step two, the ALJ determined that Plaintiff had the severe impairments of "arthritic disease with

polyarthralgia of the back, legs, hips, and feet by history, status post left long fingertip amputation, status post bilateral carpal tunnel release, hypertension, coronary artery disease, COPD, headaches, and generalized anxiety disorder." R. 13-14; *see* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 14-15; *see* 20 C.F.R. § 404.1520(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 16-21; *see* 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ found that Plaintiff had the RFC to "lift and carry 20 pounds occasionally and 10 pounds frequently" and

> can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but have occasional contact with the general public.

R. 16; *see* 20 C.F.R. § 404.1567(b) (defining "light work"). At step four, the ALJ found that Plaintiff had no past relevant work and that transferability of job skills was not a material issue. R. 21; *see* 20 C.F.R. § 404.1565, .1568.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. Taking into consideration the hearing testimony of a vocational expert regarding the degree of erosion to the unskilled light occupational

base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as packing machine operator, plastics worker, and mail clerk, all of which offer jobs that exist in significant numbers in the national economy. R. 22; *see* 20 C.F.R. § 404.1545(a)(5)(ii). On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 7, 2011, through the date of the decision. R. 23; *see* 20 C.F.R. § 404.1520(g).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its

own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff sets forth two allegations of error: (1) the ALJ failed to properly evaluate the medical opinion evidence, and (2) the ALJ failed to perform a proper credibility determination. Pl.'s Br. (Doc. No. 20) at 18-30; *see also* Pl.'s Reply (Doc. No. 22) at 1. With respect to Plaintiff's first allegation, Plaintiff asserts that the ALJ improperly failed to include certain limitations in the RFC regarding Plaintiff's mental impairments. *See* Pl.'s Br. at 22-24; Reply at 2-3.

*A. The Relevant Mental-Health Evidence*

On December 12, 2011, Robert Danaher, PsyD, examined Plaintiff and completed a mental status examination ("MSE") form at the request of the State agency. R. 266-72. Dr. Danaher found that Plaintiff's "ability to understand, remember and carry out simple and complex instructions in a work related environment would be rated as adequate." R. 271.

On December 19, 2011, nonexamining consultant Linda O'Neil, PhD, completed a Psychiatric Review Technique ("PRT") (Ex. 7F) and a Mental Residual Functional Capacity Assessment ("MRFCA") (Ex. 8F). *See* R. 286-99, 300-03. In the PRT, Dr. O'Neil checked a box indicating that Plaintiff has moderate limitations in maintaining social functioning. Dr. O'Neil also indicated that Plaintiff has mild limitations in (i) activities of daily living and (ii) maintaining concentration, persistence, or pace. R. 296.

5

In Section I of the MRFCA, "Summary Conclusions," Dr. O'Neil checked boxes indicating that Plaintiff has moderate limitations in her ability to: (1) interact appropriately with the general public; (2) accept instructions and respond appropriately to criticism from supervisors; (3) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and (4) respond appropriately to changes in the work setting. R. 301. In Section III of the MRFCA, the "Functional Capacity Assessment," Dr. O'Neil referenced the four checked boxes of Section I and stated that Plaintiff has "[l]imited tolerance of interpersonal demands and of stress. Can relate on a basic level in a fairly low[]-demand setting." R. 302. Dr. O'Neil further concluded: "Limitations (attributed to a psychiatric disorder) are not substan[t]ial. Can do greater than [simple, routine, repetitive tasks]." R. 302.

On September 5, 2012, nonexamining consultant Edith King, PhD, affirmed Dr. O'Neil's assessment. R. 384.

*B. The ALJ's RFC Determination*

In the written decision, the ALJ discussed the opinions of Drs. Danaher and O'Neil and assigned each of them "great weight." R. 18, 20. Other than these two opinions, the ALJ's mental-health findings primarily relied upon Plaintiff's testimony that she had not received mental health treatment in the past five years. R. 19, 51.

Relevant to Plaintiff's mental limitations, the ALJ determined that Plaintiff retained the RFC to "understand, remember, and carry out simple, routine, and repetitive tasks. [Plaintiff] can respond appropriately to supervisors, co-workers, and usual work situations, but have occasional contact with the public." R. 16.

*C. Discussion*

Plaintiff claims that the ALJ's RFC determination fails to adequately account for Dr. O'Neil's opinions regarding Plaintiff's abilities with respect to social interaction. *See* Pl.'s Br. at 23; R. 302. The undersigned agrees.

As a threshold matter, Dr. O'Neil's MRFCA Section III narrative "adequately encapsulated" and "describe[d] the effect of" each of the four moderate limitations indicated in Section I of that form. *See Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015); R. 301, 302. In particular, Dr. O'Neil's statements regarding Plaintiff's abilities in Social Interaction—her limited tolerance for interpersonal demands and work stress and being restricted to relating on a basic level in a fairly low-demand setting— were consistent with, and constitute the "functional manifestations" of, the Section I moderate limitations on Plaintiff's ability "to accept instructions and respond appropriately to criticism from supervisors" and "to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." *See Carver*, 600 F. App'x at 619. *Compare* R. 301, *with* R. 302.

Defendant emphasizes that Section III stated "that Plaintiff was not seriously limited due to psychological issues." *See* Def.'s Br. (Doc. No. 21) at 13-14. This statement, however, was made with specific reference to Plaintiff's abilities in Understanding and Memory and in Sustained Concentration and Persistence, rather than the Social Interaction ability relevant here. *See* R. 300-01, 302. And while Section III's conclusion that Plaintiff's psychiatric limitations were "not substan[t]ial" might be read to temper the degree of Plaintiff's limitations, it does not mitigate those limitations

completely or conflict with the Section I opinion that the limitations were "Moderate[]." R. 301, 302. Thus, even with Dr. O'Neil's notation that Plaintiff's limitations "are not substan[t]ial," the Section III conclusion still reasonably reflects the functional manifestations of Plaintiff's moderately limited abilities in Social Interaction, by expressly limiting Plaintiff's tolerance to deal with "interpersonal demands and stress" as well as prescribing that Plaintiff can "relate on a basic level in a fairly low demand setting." *See* R. 300-01, 302.

The remaining queries are whether the ALJ legally erred in determining Plaintiff's RFC and, if so, whether any such error renders the RFC determination unsupported by substantial evidence. Because both of these must be answered in the affirmative, this case should be remanded for further proceedings.

### *1. Legal Error*

Although Dr. O'Neil did not treat or examine Plaintiff, the ALJ was required to "consider" and explain his weighing of her opinions. *See* 20 C.F.R. § 404.1527(e)(2)(ii) ("[T]he administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . , as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us."). In the written decision, the ALJ purported to give "great weight" to Dr. O'Neil's opinions, including the MRFCA Section III narrative. R. 20.

As noted, Dr. O'Neil found that Plaintiff had a "limited tolerance for interpersonal demands" and was restricted to "relat[ing]" to others "on a basic level in a fairly low-

demand setting." R. 302.  The ALJ's RFC determination, however, addressed only how those limitations affect Plaintiff's ability to interact with the public and *not* how they restrict Plaintiff's ability to interact with her supervisors or coworkers.  R. 16.  The RFC states that Plaintiff "can respond appropriately to supervisors, co-workers, and usual work situations," which is a minimum requirement for unskilled work.  R. 16, Social Securing Rule 85-15, 1985 WL 56857, at *4 (1985).  To the extent this statement in the RFC is a limitation, and even that is not clear, it does not reflect the restrictions on interaction that are set forth by Dr. O'Neil insofar as Plaintiff's relations with supervisors and coworkers.

It is error for an ALJ to accept some mental limitations reflected in a nonexamining physician's MRFCA, but reject others, "without discussion." *Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007); *see also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).  That mixed reception is precisely what occurred here.  The ALJ's RFC determination essentially concludes that Plaintiff suffers no meaningful limitation in her ability to relate to supervisors and coworkers, which is inconsistent with Dr. O'Neil's findings of moderate limitations in Sections I and III of the MRFCA.  The ALJ failed to explain his rejection of these moderate limitations, and "the evidence on which the ALJ explicitly relied in his decision does not imply an explanation for rejecting" them.  *Haga*, 482 F.3d at 1208.  "An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Id.*

The ALJ therefore erred in rejecting certain of Dr. O'Neil's assessment of moderate limitations while adopting others, absent any explanation for this course of action in the written decision. *See id.*; *Frantz*, 509 F.3d at 1303; SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *cf. Lee v. Colvin*, No. 15-6027, 2015 WL 7003410, at *3 (10th Cir. Nov. 12, 2015) (noting that the ALJ may not "turn a blind eye to any moderate limitations enumerated in Section I").

### 2. *Lack of Substantial Evidence*

The ALJ's RFC finding (as well as the corresponding hypothetical to the VE at the administrative hearing) assumed that Plaintiff "can respond appropriately to supervisors, co-workers, and usual work situations." R. 16, 53. The ALJ expressly cited Dr. Danaher's and O'Neil's opinions as the support for this finding and did not rely upon any other mental-health-related evidence, other than Plaintiff's testimony as to a lack of recent mental health treatment. R. 16, 19, 20. Because the supervisors-and-coworkers aspect of the RFC is not consistent with the relevant record evidence upon which it is supposedly based—namely, the MRFCA—that record evidence is not "such relevant evidence as a reasonable mind might accept as adequate to support" the conclusion and cannot be "substantial evidence" supporting the ALJ's RFC finding. *See Doyal*, 331 F.3d at 760; *cf. Carver*, 600 F. App'x at 620 (finding no error when RFC was consistent with both the Section III narrative and another psychologist's opinion).

Defendant asserts that the ALJ "largely accounted for" Plaintiff's limitations in Social Interaction "by finding that Plaintiff could . . . only have occasional contact with

the general public." *See* Def.'s Br. at 14. The RFC's limitation on contact with the general public does incorporate Section I's finding that Plaintiff was moderately limited in her "ability to interact appropriately with the general public" (and is not challenged by Plaintiff on appeal). *See* R. 16, 301. But Defendant does not offer any support for the proposition that an RFC limitation on dealing with the general public provides an adequate limitation on the separate issues of dealing with coworkers and dealing with supervisors. That proposition is inconsistent with the ALJ's RFC determination and with Section I itself, both of which expressly distinguish these abilities from each other. *See* R. 16, 301.

Defendant additionally contends that the ALJ's RFC determination was based on a "tandem reading" of Dr. O'Neil's opinions and Dr. Danaher's MSE, to which the ALJ also gave "great weight." Def.'s Br. at 14. As discussed above, Dr. Danaher found that Plaintiff's ability to understand, remember, and carry out simple and complex instructions in a work-related environment "would be rated as adequate." R. 271. But Defendant offers no authority establishing that an opinion regarding Plaintiff's ability to understand, remember, and carry out instructions is sufficiently relevant to Plaintiff's ability to interact with her supervisors or coworkers that consideration of both opinions properly allowed the ALJ to "temper[] and translate[]" them into an RFC forgoing functional restrictions in the latter category altogether. *See* Def.'s Br. at 14-15.

Nor, as explained above, does the ALJ's decision reflect any desire to "temper"— i.e., partially reject—Dr. O'Neil's opinions in favor of Dr. Danaher's, or to rely upon evidence not cited in the written decision. *See* R. 20. "Although . . . the ALJ is entitled

to resolve any conflicts in the record, the ALJ did not state that any evidence conflicted with [Dr. O'Neil's] opinion or mental RFC." *Haga*, 482 F.3d at 1208. "[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Id.* at 1207-08.

*D. Conclusion*

For the reasons outlined above, the ALJ erred in formulating the RFC finding with respect to Plaintiff's social-interaction abilities, and that finding is not supported by substantial evidence. The matter should be remanded for further consideration of these limitations and their effect on Plaintiff's ability to work. *See* SSR 96-8p, 1996 WL 374184, at *7; *Haga*, 482 F.3d at 1208. Because the deficiencies discussed above require remand, the undersigned need not address the remaining claims of error raised by Plaintiff. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be reversed and remanded.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such

objections must be filed with the Clerk of this Court by March 25, 2016. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 11th day of March, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE